■ FEDERATED ASSOCIATES, Appellant, v HOWARD JOHNSON COMPANY, INC., Respondent. — In a breach of contract action, plaintiff appeals from an order of the Supreme Court, Nassau County (Robbins, J.), dated March 1, 1983, which denied its motion, *inter alia,* to strike defendant's answer if defendant does not produce certain documents which defendant claims are privileged attorney-client communications. ¶ Order reversed, on the law, with costs, and plaintiff's motion to strike defendant's answer granted unless defendant discloses to the plaintiff the eight letters presented to Special Term for its *in camera* review. The defendant's time to disclose the letters is extended until 30 days after service upon it of a copy of the order to be made hereon, with notice of entry. ¶ The evidence establishes that the attorneys retained by defendant Howard Johnson Company, Inc., a conditional lessee, in fact undertook to and did represent the interests of both the conditional lessee and plaintiff landlord in connection with the application to obtain a special use permit to allow the conditional lessee to operate a restaurant on the subject premises. Under the circumstances, the communications in issue between those attorneys and the conditional lessee on the subject of the special use permit were not privileged as between the plaintiff landlord and defendant conditional lessee and were subject to discovery at the instance of the plaintiff landlord (see *Wallace v Wallace,* 216 NY 28). We have examined the eight documents submitted to

Special Term for that court's *in camera* review. We find that they pertain to the application for a special permit and, under the circumstances of this case, are not privileged from discovery and inspection by the plaintiff landlord (see *Wallace v Wallace, supra*). Bracken, J. P., Niehoff, Rubin and Boyers, JJ., concur.